**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wavve Americas Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Defendants. | No. CV-24-02667-PHX-KML<br><br>**ORDER** |

Wavve Americas, Inc., a distributor of Korean television programming and feature films, filed suit against two identified website registrants, the unknown registrants of a group of websites, and the developer of an application downloaded to smartphones.[1] (Doc. 1.) Wavve alleges these websites and the app infringe on its exclusive rights to distribute certain Korean television programming and feature films within the United States. (Doc. 1 ¶¶ 33–34.) Wavve later filed a motion for an *ex parte* temporary restraining order and preliminary injunction upon notice and hearing against all defendants to disable access to their websites, the app, and corresponding social media accounts. (Doc. 8.) On the same day, Wavve filed a motion for expedited discovery to determine defendants' identities and contact information. (Doc. 9.) Because Wavve has shown good cause exists

---

[1] These websites are DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, ASIANWIKI.CO, DRAMACOOL.BG, DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, and DRAMACOOL.BA. (Doc. 1 at 1–2.) Defendant Asian C. is the registrant of ASIANC.SH, defendant Najeeb Ullah is the registrant of DRAMACOOL.COM.SO, and defendant Minh Van Ngoc Mym is the developer of the Dramacool - Kdrama Video Movie application available for download on the Apple App Store (the "app"). (Doc. 1 at 2.)

to allow discovery, its motion to expedite discovery is granted. Wavve's temporary restraining order is granted in part against all defendants except for ASIANWIKI.CO, as to which it is denied without prejudice.

**I.     Background**

Wavve distributes "Korea-originating television programming and feature films" in the United States through its KOCOWA® streaming platform. (Doc. 8 at 3.) Wavve holds the exclusive license to distribute over 1,300 programs owned by the three largest Korean broadcast networks. (Doc. 8 at 3.) Wavve alleges that the registrants of a group of websites and the app distribute, free of charge, unauthorized copies of programming exclusively licensed to Wavve. (Doc. 8 at 3; Doc. 1 ¶ 34.)

Wavve argues it has been unable to enforce its copyrights because defendants "routinely move the infringing content to similar but unique domain names" and "advise their viewer base[] of such changes" through their social media pages on X (formerly Twitter), Telegram, and Discord. (Doc. 8-1 ¶ 15; Doc. 1 ¶ 38.) Wavve also alleges the registrant of ASIANWIKI.CO "update[s] viewers with the specific links to at least" four infringing websites, instructing users to "'[c]hoose one [link] which suits you best,'" and promising to "'fix the issue ASAP' presumably if access to these domain names is lost." (Doc. 8 at 6–7.) And it alleges the app "furtively disable[s] access to the infringing content" only to "resume its distribution of the infring[ing] content mere hours later" in order to "avoid being removed from the Apple App Store." (Doc. ¶ 48.)

Wavve also alleges it has attempted to contact defendants but most of the website registrants' identities are concealed. For instance, some registrants use "privacy protection" from third parties that allow them to register a domain name without listing their true name or contact information, instead creating a "proxy" identifier for public registries. (Doc. 1 ¶¶ 13–14.) Wavve alleges it has only located the contact information for the registrants of ASIANC.SH, registered by "Asian C," affiliated with the organization "NOne," and located in Pathum Wan, Thailand; DRAMACOOL.COM.SO, registered by "Najeeb Ullah" and located in Pakistan; and the developer for the app, Minh Van Ngoc Mym.

(Doc. 1 ¶¶ 17, 21, 26.) Wavve alleges that attempts to contact the defendants it has identified have been unsuccessful. (Doc. 8-1 ¶¶ 6–13.)

Wavve filed an *ex parte* motion for a temporary restraining order and preliminary injunction upon notice and hearing against all defendants to disable access to their websites, the app, and corresponding social media accounts. (Doc. 8.) On the same day, Wavve filed a motion for expedited discovery to determine the identity of the registrants and to Apple Inc. to determine the complete identity of Minh Van Ngoc Mym. (Doc. 9.)

## II.   Discussion

### a.   *Ex Parte* Temporary Restraining Order

#### i.   Legal Standard

Rule 65 of the Federal Rules of Civil Procedure permits a party to seek injunctive relief if it believes it will suffer irreparable harm during the pendency of an action. Fed. R. Civ. P. 65. There are two types of relief under this rule, temporary restraining orders and preliminary injunctions, which are both governed by the same substantive standards. *Stunlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles*, 10 F.4th 905, 911 (9th Cir. 2021) (quoting *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012)). A party seeking a preliminary injunction must show (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.[2] *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).

A party seeking injunctive relief without notice to the opposing parties must also provide (1) "specific facts in an affidavit or a verified complaint clearly show[ing] that

---

[2] The Ninth Circuit has an alternative test that allows for a preliminary injunction when "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff also shows "a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). The court need not evaluate the request under this alternative standard because Wavve is entitled to relief under the *Winter* test.

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) a written certification from the movant's attorney detailing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The Ninth Circuit has warned that "very few circumstances justify the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Finally, Wavve is seeking a mandatory injunction. "Mandatory injunctions . . . are permissible when extreme or very serious damage will result that is not capable of compensation in damages, and the merits of the case are not doubtful." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quotation marks omitted). Granting such an injunction is appropriate only when "the law and facts *clearly* favor [plaintiff's] position." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

### ii. Analysis

Wavve seeks a temporary restraining order requiring all defendants to disable public access to the domain names of the infringing websites, the app, and "any social media pages that promote and advertise infringing content" on the infringing websites and the app. (Doc. 8 at 8.)

Because Wavve seeks relief *ex parte*, it must meet the threshold requirements of Rule 65(b)(1). First, Wavve's attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, Wavve submitted a declaration under penalty of perjury from its counsel detailing his unsuccessful attempts to contact defendants. (Doc. 8-1 ¶¶ 5, 7, 9, 11–13.) He also explained that if Wavve were required to give notice, defendants would likely "destroy evidence, hide assets, and move operations," and would "undertake quick and widespread efforts to register new domain names to host the infringing works and to inform their viewership of such new domain names," requiring Wavve to file additional lawsuits. (Doc. 8-1 ¶¶ 15–16.) The court agrees that notice should not be required. *See Fornix Holdings LLC v. Unknown Party*, No. CV-22-00494-PHX-DLR, 2022 WL 1619041, at *3 (D. Ariz. May

23, 2022) (permitting *ex parte* restraining order where defendants would destroy or move infringing webpages); *Klivington-Evans v. PassingYourOBGYNBoards.com*, No. CV-24-02677-PHX-DWL, 2024 WL 4444372, at *2 (D. Ariz. Oct. 8, 2024) (same).

Wavve has also met the second threshold requirement that it provide "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Wavve's counsel's declaration explained that the continued infringement on Wavve's exclusive rights over its copyrighted material, "offering the same [products] to anyone in the United States free of charge[,] . . . directly undercut[s] Plaintiff's business model and risks Plaintiff's future success." (Doc. 8-1 ¶14.) These details are sufficient to "establish both the irreparability and immediacy of the harm" Wavve would suffer in the absence of a temporary restraining order. *Wavve Americas Inc. v. Unknown Party*, No. CV-24-02071-PHX-DWL, 2024 WL 4120365, at *3 (D. Ariz. Sept. 9, 2024); *see also Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 866 (9th Cir. 2017) (noting damages cannot remedy "loss of goodwill").

Wavve's complaint alleges a copyright infringement claim against all defendants except the unknown registrant of ASIANWIKI.CO. As to ASIANWIKI.CO, the complaint alleges a contributory copyright infringement claim. Under the four-part *Winter* test, Wavve is entitled to a temporary restraining order for all defendants except for the unknown registrant of ASIANWIKI.CO.

First, Wavve is likely succeed on the merits of its direct copyright infringement claim. *Winter*, 555 U.S. at 20. Direct copyright infringement requires a plaintiff to show: (1) "ownership of the allegedly infringed material" and (2) that "the alleged infringers violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Disney*, 869 F.3d at 856. The declaration from Wavve's counsel establishes that Wavve distributes and "licenses media content from . . . the three largest broadcast networks in Korea" and "is the exclusive licensee of the United States distribution rights to over 1,100 different programs," but that defendants offer the same products "to anyone in the United

States free of charge" in violation of Wavve's rights. (Doc. 8-1 ¶ 2.) Those facts are sufficient to show a high likelihood of success on the direct infringement claim.

As for the contributory infringement claim, it requires "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *A & M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1019 (9th Cir. 2001). Although Wavve alleges facts in its complaint to support its claim of contributory infringement by ASIANWIKI.CO, those facts are not supported by a declaration from its counsel and therefore do not satisfy Rule 65(b)(1)'s standard.[3] (Doc. 8 at 5–7; Doc. 1 ¶¶ 37–38.)

Wavve also meets the second *Winter* factor, which requires the movant to show the likelihood of irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20. Wavve alleged that the continued infringement on Wavve's exclusive rights over its copyrighted material by "offering the same [products] to anyone in the United States free of charge," which "directly undercut[s] Plaintiff's business model and risks Plaintiff's future success." (Doc. 8-1 ¶14.) These facts are sufficient to establish the likelihood of irreparable harm. *Disney Enterprises*, 869 F.3d at 866.

The third *Winter* factor, the balance of equities, also favors Wavve. *Winter*, 555 U.S. at 20. As it did in a similar case in the District of Arizona, Wavve has alleged that its rights are being violated by "calculated infringers who have taken steps to hide their identities." *Wavve Americas Inc.*, 2024 WL 4120365, at *3; s*ee also Fornix*, 2022 WL 1619041, at *2 ("Entering a TRO would protect Plaintiffs' intellectual property rights, and any hardship for [Defendant] would be limited to the infringing activities."). Here, Wavve's allegation that defendants' continue to infringe on its exclusive distribution rights and have made efforts to evade enforcement, with the hardship to defendants being limited to restraining activities that serve no legitimate purpose, shows the balance of equities tips in Wavve's favor. (Doc. 8 at 11; Doc. 8-1 ¶¶ 14–15.)

Finally, the fourth *Winter* factor addresses the public interest. *Winter*, 555 U.S.

---

[3] Wavve alludes to facts contained in a declaration by Jeongphil "JP" Joo but did not file this declaration. (Doc. 8 at 8.)

at 20. Because "the public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating television programming," this factor also weighs in Wavve's favor. *Disney*, 869 F.3d at 867.

A bond is unnecessary in this case. S*ee Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (district courts may waive the security requirement when "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.").

"[T]he motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character." Fed. R. Civ. P. 65(b)(3). Because the hearing cannot proceed until Wavve has identified and noticed defendants, Wavve is ordered to inform the court immediately after identifying and noticing each defendant.

Under Rule 65(b)(2), a TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Accordingly, the time for expiration is set at 14 days.

### b. Expedited Discovery Order

When a defendant is unknown prior to filing a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). "A court may grant expedited discovery on a showing of good cause," which may exist when a copyright plaintiff seeks to identify defendants who own infringing domain names, like here. *Fornix Holdings LLC v. Unknown Party*, No. CV-22-00494-PHX-DLR, 2022 WL 992546, at *2 (D. Ariz. Apr. 1, 2022) (permitting expedited discovery to uncover unnamed website registrant); s*ee also Wavve Americas Inc.*, 2024 WL 4120365, at *4 (same).

A plaintiff seeking early discovery must also (1) show the unknown defendant will be "a real person or entity"; (2) identify the steps taken to locate the defendant; (3) demonstrate the complaint can "withstand a motion to dismiss"; and (4) show a "reasonable likelihood that expedited discovery will lead to identifying information about Defendants

that would make service of process possible." *Dead Season LLC v. Doe 1*, No. CV-13-00592-PHX-GMS, 2013 WL 3805590, at *4 (D. Ariz. July 22, 2013) (quoting *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)). Wavve satisfies this test. First, Wavve has identified the registration of the websites and that the app was completed by unknown individuals. (Doc. 8-1 ¶ 9.) *See Hq/publications, LLC v. www.allcollegesearchdirectory.com*, No. 06-CV-00124-EWN-MEH, 2006 WL 8460625, at *1 (D. Colo. Feb. 28, 2006) (allowing expedited discovery where plaintiff identified unknown website registrants). Second, Wavve's counsel has certified his efforts made to contact defendants. *See Columbia*, 185 F.R.D. at 579 ("Although such service is not sufficient to comply with the Federal Rules of Civil Procedure, the Court finds that such acts do show that plaintiff has made a good faith effort to specifically identify defendant and to serve notice on defendant."). Third, Wavve "has made a sufficient *prima facie* showing of its claim for copyright infringement at this stage to withstand a motion to dismiss" by alleging that it owns the exclusive rights to distribute the relevant works and that defendants "distributed the work without Plaintiff's authorization." *Voltage Pictures, LLC v. Unknown Party*, No. CV-13-728-PHX-SMM, 2013 WL 12174691, at *2 (D. Ariz. July 15, 2013). Finally, Wavve's requested discovery likely will require a single step to identify individuals or entities who can be named as defendants. *See Hq/publications, LLC*, 2006 WL 8460625, at *1 (permitting discovery upon the registrar and host of counterfeit websites to determine unknown registrants).

Accordingly,

**IT IS ORDERED** the Wavve's request for an *ex parte* temporary restraining order (Doc. 8) is **granted** as to the Unknown Registrants of DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG, DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb Ullah, and Minh Van Ngoc Mym and **denied without prejudice** as to the Unknown Registrant of ASIANWIKI.CO.

**IT IS FURTHER ORDERED** the Unknown Registrants of DRAMANICE.LA,

1  RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG, DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb Ullah, and Minh Van Ngoc Mym and those in active concert with these defendants shall promptly, upon receipt of a copy of this Order, disable public access to their respective domain name(s) and the app until further notice.

**IT IS FURTHER ORDERED** the Unknown Registrants of DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG, DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb Ullah, and Minh Van Ngoc Mym and those in active concert with these defendants shall promptly, upon receipt of a copy of this Order, disable public access to each of the Telegram accounts of @dramacoolreal, @dramacoolwatch, and @nicedramacool and disable public access to each of the Telegram channels dramacoolwatch, nicedramacool, and dramacoolreal.

**IT IS FURTHER ORDERED** the Unknown Registrants of DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG, DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb Ullah, and Minh Van Ngoc Mym and those in active concert with these defendants shall promptly, upon receipt of a copy of this Order, disable public access to the X (formerly Twitter) account of @dramacoolcom.

**IT IS FURTHER ORDERED** the Unknown Registrants of DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG, DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb Ullah, and Minh Van Ngoc Mym and those in active concert with these defendants shall promptly, upon receipt of a copy of this Order, disable public access to the "Dramacool" Discord server with the server ID 986162576901677056.

1  **IT IS FURTHER ORDERED** this Temporary Restraining Order shall expire after 14 days unless it is extended for good cause or by stipulation.

3  **IT IS FURTHER ORDERED** Wavve shall inform the court immediately each time a Defendant's identity and location are ascertained and notice is sent.

5  **IT IS FURTHER ORDERED** Wavve's request for a preliminary injunction (Doc. 8.) the Unknown Registrants of DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG, DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb Ullah, and Minh Van Ngoc Mym remains **pending** as to all defendants except the Unknown Registrant of ASIANWIKI.CO, as to whom it is **denied without prejudice**. A hearing on the pending motion for preliminary injunction shall be set at the earliest possible time.

**IT IS FURTHER ORDERED** that Wavve's motion for expedited discovery (Doc. 9) is **granted**.

Dated this 4th day of November, 2024.

_____
Honorable Krissa M. Lanham
United States District Judge