**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wavve Americas Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Defendants. | No. CV-24-02667-PHX-KML<br><br>**ORDER** |

Wavve Americas, Inc., a distributor of Korean television programming and feature films, filed suit against two identified website registrants, the unknown registrants of a group of websites, and the developer of an application downloaded to smartphones.[1] (Doc. 1.) Wavve alleges these websites and the app infringe on its exclusive rights to distribute certain Korean television programming and feature films within the United States. (Doc. 1 ¶¶ 33–34.) Wavve later filed a motion for an *ex parte* temporary restraining order and preliminary injunction upon notice and hearing against all defendants to disable access to their websites, the app, and corresponding social media accounts. (Doc. 8.) Earlier this week, Wavve's motion was granted for all defendants except the unnamed registrant of ASIANWIKI.CO because the original motion was not supported by sworn

---

[1] These websites are DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, ASIANWIKI.CO, DRAMACOOL.BG, DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, and DRAMACOOL.BA. (Doc. 1 at 1–2.) Defendant Asian C. is the registrant of ASIANC.SH, defendant Najeeb Ullah is the registrant of DRAMACOOL.COM.SO, and defendant Minh Van Ngoc Mym is the developer of the Dramacool - Kdrama Video Movie application available for download on the Apple App Store (the "app"). (Doc. 1 at 2.)

1 allegations supporting the contributory copyright infringement claim against that
2 registrant. (Doc. 15 at 6.)
3       Wavve renewed its motion and submitted a declaration by Jeongphil "JP" Joo and
4 its counsel providing facts in support of its contributory infringement claim. Contributory
5 infringement requires "one who, with knowledge of the infringing activity, induces, causes
6 or materially contributes to the infringing conduct of another." *A & M Records, Inc. v.*
7 *Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001). Wavve alleges ASIANWIKI.CO has
8 knowledge of the infringing activity because its "similar appearance and layout" to other
9 infringing sites indicates it is "owned and operated by the same individual(s) or
10 organization(s), such that they would implicitly have knowledge of the infringements
11 occurring on each of these Domain Names." (Doc. 16 at 7.) Additionally,
12 ASIANWIKI.CO "disseminates new domain names for users to access the infringing
13 content in response to existing/previous domain names being shut down" and "provides
14 direct links to infringing content . . . at RUNASIAN.NET." (Doc. 16-1 ¶ 14.) Because the
15 website is only used for infringing purposes, these facts meet the first requirement. *See*
16 *Napster*, 239 F.3d 1004, 1021 (9th Cir. 2001) (finding knowledge when defendant "failed
17 to demonstrate that its system is capable of commercially significant noninfringing uses").
18       As to the second requirement for contributory infringement, the unknown registrant
19 of ASIANWIKI.CO "has taken affirmative steps to encourage, assist, increase traffic to,
20 and frustrate enforcement efforts against the infringements occurring at
21 DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, and ASIANC.SH." (Doc. 16
22 at 7.) ASIANWIKI.CO provides "new domain names for users to access the infringing
23 content in response to existing/previous domain names being shut down," along with direct
24 links to infringing content. (Doc. 16-1 ¶ 14.) The website also posted an announcement
25 "specifically advertis[ing] access to DRAMANICE.LA, RUNASIAN.NET, and
26 WATCHASIA.TO, and even [told] its users to '[c]hoose one [link to infringing domain
27 name] which suits you best,' and that "'we will fix the issue ASAP' presumably if access
28 to these domain names is lost." (Doc. 16 at 7.) Because ASIANWIKI.CO provides the

"'site and facilities' for direct infringement" and allows its users to access material "with ease," it has met the second requirement. *Napster*, 239 F.3d at 1022 (quoting *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir.1996)).

The reasons supporting injunctive relief described in the court's previous order granting an *ex parte* temporary restraining order are incorporated and apply equally here. (*See* Doc. 15 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).) The court grants the request for a temporary restraining order but will schedule its expiration for the same date and time as the previously-issued order.

Accordingly,

**IT IS ORDERED** Wavve's request for an *ex parte* temporary restraining order (Doc. 16) is **granted**.

**IT IS FURTHER ORDERED** the Unknown Registrants and those in active concert with ASIANWIKI.CO shall promptly, upon receipt of a copy of this Order, disable public access to their respective domain name(s) until further notice.

**IT IS FURTHER ORDERED** this Temporary Restraining Order shall expire on November 18, 2024 at 5:05 P.M. unless it is extended for good cause or by stipulation.

**IT IS FURTHER ORDERED** Wavve shall inform the court immediately if the Defendant's identity and location are ascertained and notice is sent.

**IT IS FURTHER ORDERED** Wavve's request for a preliminary injunction (Doc. 16.) remains **pending**. A hearing on the pending motion for preliminary injunction shall be set at the earliest possible time.

Dated this 8th day of November, 2024.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge