**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wavve Americas Incorporated,<br><br>   Plaintiff,<br><br>v.<br><br>Unknown Party, et al.,<br><br>   Defendants. | No. CV-24-02667-PHX-KML<br><br>**ORDER** |

Plaintiff Wavve Americas Incorporated believes most of the defendants are in Thailand, the Netherlands, Vietnam, Pakistan, and New Jersey, but does not have a complete and accurate physical address for any of those defendants. Wavve does not have any information regarding the location of four other defendants.[1] (Doc. 29.) Wavve requests permission to serve all defendants via email. (Doc. 29.) Wavve also requests the previously issued temporary restraining orders be converted to a preliminary injunction. (Doc. 30.) Wavve may serve some—but not all—of the defendants via email and Wavve is entitled to a preliminary injunction.

For those defendants located outside the United States, Federal Rule of Civil Procedure 4(f)(3) "permits service . . . by . . . means not prohibited by international agreement as may be directed by the court." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Service of process under this rule "is neither a last resort nor extraordinary relief" but "merely one means among several which enables service of

---

[1] Those defendants are Minh Van Ngoc Mym and the unknown registrants of DRAMACOOL.BA, DRAMACOOL.COM.TR, and DRAMACOOL.COM.VC.

process on an international defendant." *Id.* at 1015 (simplified). A district court may authorize this form of alternative service if the plaintiff "demonstrate[s] that the facts and circumstances . . . necessitate[]" such relief. *Id.* at 1016. Despite Wavve's efforts to obtain additional contact information, Wavve only has email addresses. Wavve sent emails to those addresses and the emails were not returned as undeliverable. Because this case involves online activity, it is likely the email addresses are monitored and service via email is appropriate.

For the defendant located within the United States, Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made." Wavve believes one defendant is in New Jersey. Under New Jersey law, "service by email is generally permitted where the movant has supplied the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Menon v. Corbett*, No. CV 21-8384 (KM), 2022 WL 3998393, at *3 (D.N.J. Sept. 1, 2022). Wavve sent emails to the address associated with the New Jersey defendant and the emails were not returned. The circumstances of this case mean the email address likely is monitored and service via email is appropriate.

Wavve does not know whether four of the defendants, Minh Van Ngoc Mym and the unknown registrants of DRAMACOOL.BA, DRAMACOOL.COM.TR, and DRAMACOOL.COM.VC, are located inside or outside the United States. (Doc. 29 at 13-14.) Wavve seeks to serve these defendants via email, but it has not provided the legal basis for doing so. If located within the United States, Wavve would need to discuss the applicable state laws authorizing service via email. If located outside the United States, Wavve could argue service pursuant to Rule 4(f) is appropriate. At present, however, there is no basis to allow alternative service on these defendants. *See Chegg, Inc. v. Doe*, No. 22-CV-07326-CRB, 2023 WL 4315540, at *6 (N.D. Cal. July 3, 2023) (not allowing alternative service because the plaintiff had "provide[d] no case that allows Rule 4(f)(3) to be used to serve an entirely unknown defendant without any evidence that that defendant

is foreign").

With the exception of the defendants whose locations are unknown, service via email is the best available alternative and it is "reasonably calculated, under all the circumstances, to apprise [defendants] of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016. Wavve's request to complete alternative service is therefore granted in part.

Wavve also requests the court convert the temporary restraining orders to a preliminary injunction. Defendants have received notice of this suit and of the previously entered temporary restraining orders, but no defendant has appeared.[2] There are no disputes of fact and the evidentiary record that supported issuance of the temporary restraining orders supports entry of a preliminary injunction. *See Charlton v. Est. of Charlton*, 841 F.2d 988, 989 (9th Cir. 1988) (evidentiary hearing is not required when facts are not in dispute).

Finally, the list of defendants in the complaint and the list of domain names at issue have become confusing. The complaint identified certain defendants as the "unknown registrant" of a particular domain name while other defendants were identified by name. The individuals identified by name were, in turn, associated with particular domain names. After discovery, Wavve knows the registrant of each domain name. Wavve must file a motion to substitute or an amended complaint so that the correct defendants are identified.

Accordingly,

**IT IS ORDERED** plaintiff's Motion for Alternative Service (Doc. 29) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** within ten days of this order plaintiff shall serve each of the defendant registrants of ASIANC.SH, DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, ASIANWIKI.CO, DRAMACOOL.BG, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, and DRAMACOOL.COM.SO, via their

---

[2] A plaintiff need not complete service of process to satisfy the notice requirement for issuance of a preliminary injunction. *See Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., Ltd.*, 80 F.4th 536, 542 (5th Cir. 2023) ("Rule 65(a) does not require service of process, but rather requires notice to the adverse party.") (simplified).

1  respective email addresses as identified in plaintiff's motion.

2  **IT IS FURTHER ORDERED** within ten days of this order plaintiff shall file a
3  motion to substitute or an amended complaint identifying the correct defendants.

4  **IT IS FURTHER ORDERED** the Motion to Convert (Doc. 30) is **GRANTED**.
5  The Temporary Restraining Orders (Doc. 15, 17) are converted to a preliminary injunction
6  and shall remain in effect during the pendency of this action, unless otherwise ordered. No
7  bond is required.

8  **IT IS FURTHER ORDERED** the registrants of ASIANWIKI.CO,
9  DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG,
10 DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO,
11 DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb
12 Ullah, and Minh Van Ngoc Mym and those in active concert with these defendants shall
13 promptly, upon receipt of a copy of this Order, disable public access to their respective
14 domain name(s) and the app until further notice.

15 **IT IS FURTHER ORDERED** the registrants of ASIANWIKI.CO,
16 DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG,
17 DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO,
18 DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb
19 Ullah, and Minh Van Ngoc Mym and those in active concert with these defendants shall
20 promptly, upon receipt of a copy of this Order, disable public access to each of the
21 Telegram accounts of @dramacoolreal, @dramacoolwatch, and @nicedramacool and
22 disable public access to each of the Telegram channels dramacoolwatch, nicedramacool,
23 and dramacoolreal.

24 **IT IS FURTHER ORDERED** the registrants of ASIANWIKI.CO,
25 DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG,
26 DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO,
27 DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb
28 Ullah, and Minh Van Ngoc Mym and those in active concert with these defendants shall

promptly, upon receipt of a copy of this Order, disable public access to the X (formerly Twitter) account of @dramacoolcom.

**IT IS FURTHER ORDERED** the registrants of ASIANWIKI.CO, DRAMANICE.LA, RUNASIAN.NET, WATCHASIA.TO, DRAMACOOL.BG, DRAMACOOL.COM.TR, DRAMACOOL.COM.VC, DRAMACOOL9.CO, DRAMACOOL.TR, DRAMACOOL.CO.BA, DRAMACOOL.BA, Asian C, Najeeb Ullah, and Minh Van Ngoc Mym and those in active concert with these defendants shall promptly, upon receipt of a copy of this Order, disable public access to the "Dramacool" Discord server with the server ID 986162576901677056.

Dated this 17th day of March, 2025.

Honorable Krissa M. Lanham
United States District Judge