**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wavve Americas Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Defendants. | No. CV-24-02667-PHX-KML<br><br>**ORDER** |

Plaintiff Wavve Americas Inc. seeks default judgment against defendants, the registrants of various domain names. (Doc. 59.) Wavve alleges defendants are using the domain names unlawfully to distribute "numerous Korea-originating television programming and feature films." (Doc. 59 at 2.) The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the prejudice to Wavve weighs in favor of default judgment because if "default judgment is not granted, [Wavve] will likely be without other

recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of Wavve's claims and the sufficiency of its complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [it] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (simplified).

The operative complaint alleges Wavve operates a "media service that distributes (i.e., streams) media content directly to viewers via the Internet." (Doc. 42 at 10.) Wavve "licenses original programming that first airs in Korea for distribution in the United States and elsewhere." (Doc. 42 at 10.) These licenses are exclusive. (Doc. 42 at 11.) Wavve provides some programming "for free with ads, from which [it] generates revenue." (Doc. 42 at 11.) Wavve also offers a subscription service. (Doc. 42 at 10.)

Wavve names as defendants individuals who have been identified as the registrants of numerous domain names. (Doc. 42 at 2-3.) Defendants operate websites at those domain names where visitors "can select from a wide variety of media content," including content that was "exclusively licensed" to Wavve. (Doc. 42 at 12.) One defendant is also linked to the creation of the "DRAMACOOL App," that can be used "to access a vast quantity of infringing content." (Doc. 42 at 16.)

Wavve asserts two claims. First, copyright infringement against all defendants based on defendants "unlawfully creat[ing] copies" of certain copyrighted material and distributing that material in the United States. (Doc. 42 at 25.) Second, contributory copyright infringement against one defendant, Tommy USA. That defendant is the registrant of <asianwiki.co>. The website at that domain name contains a hyperlink that "directly leads visitor to infringing copies" of the copyrighted material. (Doc. 42 at 26.)

"A copyright plaintiff must prove (1) ownership of the copyright; and (2) infringement—that the defendant copied protected elements of the plaintiff's work."

*Ambrosetti v. Oregon Cath. Press*, 151 F.4th 1211, 1218 (9th Cir. 2025) (simplified). As the exclusive licensee for distribution in the United States, Wavve has sufficient ownership interest to sue for infringement occurring in the United States. *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1170 (9th Cir. 2013) ("if a copyright owner grants an exclusive license of particular rights, only the exclusive licensee and not the original owner can sue for infringement of those rights"). And defendants have infringed upon Wavve's exclusive rights "by doing exactly what [Wavve] does," *i.e.*, distributing copies of copyrighted material. (Doc. 59 at 11.) Wavve has stated a strong claim of copyright infringement.

A claim for contributory infringement requires allegations a defendant "(1) has knowledge of a third party's infringing activity, and (2) induces, causes, or materially contributes to the infringing conduct." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (simplified). Tommy USA operates <asianwiki.co> which provides links to infringing content available at other sites. Tommy USA updates <asianwiki.co> to allow continued access to infringing content when certain domain names are shut down. In other words, Tommy USA materially contributes to the infringing conduct of unauthorized distribution. Wavve has stated a claim for contributory infringement against Tommy USA. Wavve's allegations establish the second and third default judgment factors support default judgment.

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Wavve does not seek monetary damages. (Doc. 59 at 10.) Wavve only seeks injunctive relief in the form of prohibiting defendants from continuing their infringing activities and transferring ownership of domain names to Wavve. This relief is targeted to remedy the harms caused by defendants' conduct, so this factor supports entry of default judgment.

**4. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. Defendants'

failure to participate means there is no indication of such disputes. This factor weighs in favor of default judgment.

**5. Excusable Neglect**

There is no evidence defendants' failure to participate is the result of excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplifed).

**7. Default Judgment is Merited**

Viewed together, the factors support entry of default judgment. The only remaining issue is the scope of relief.

**8. Injunctive Relief**

Although Wavve has established defendants are engaged in ongoing infringing activities, that does not automatically entitle it to a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006). Wavve is entitled to an injunction only upon showing "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 391.

Defendants' ongoing distribution of copyrighted materials deprives Wavve of its "ability to control the use and transmission of their Copyrighted Works, thereby causing

- 4 -

irreparable injury to [Wavve]." *Warner Bros. Ent. Inc. v. WTV Sys., Inc.*, 824 F. Supp. 2d 1003, 1012–13 (C.D. Cal. 2011). The infringement also deprives Wavve of revenue and risks Wavve's "future success." (Doc. 59 at 17.) Such "economic harm is not generally considered irreparable." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021). But "[t]he threat of being driven out of business is sufficient to establish irreparable harm." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022). In addition, defendants have ignored this litigation, meaning it is likely "an award of monetary damages will be meaningless, and [Wavve] will have no substantive relief" because "it will be impossible to collect an award for past and/or future infringements perpetrated by a defendant[s]." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1217 (C.D. Cal. 2007). Requiring defendants stop their infringing activities will not cause any legitimate hardship. And the public interest is served in enforcing copyright law. A permanent injunction prohibiting defendants from continuing their activities is appropriate.

Wavve also requests the injunction require transfer ownership of the domain names to Wavve. It is clear a domain name can be transferred when a plaintiff prevails on certain trademark claims, *see* 15 U.S.C. § 1125(d)(1)(C), but no trademark claims are asserted here. The current statute regarding appropriate relief for copyright infringement may not allow a court to order the transfer of domain names. *But see* 17 U.S.C. § 503(b) (allowing for "destruction or other reasonable disposition" of "articles" used to produce infringing copies). But defendants have not appeared here to challenge the remedy, and "a number of courts have found that a transfer of domain names is an appropriate remedy to prevent further infringement of a copyright holder's rights." *McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018). Ordering transfer of domain names can be appropriate if the infringement is ongoing and there are indications the defendant will not comply with an injunction. *See id.* at 501; *Philip Morris USA, Inc. v. Otamedia Ltd.*, 331 F. Supp. 2d 228, 246 (S.D.N.Y. 2004). Here, defendants concealed their identities, ignored this litigation, and have an "established practice of evading

copyright enforcement by moving their operation to new domains, even after having a judgment rendered against them." (Doc. 42 at 13.) Wavve is entitled to an order transferring the domain names.

**IT IS ORDERED** the Motion for Default Judgment (Doc. 59) is **GRANTED**.

**IT IS FURTHER ORDERED** each of the defendants, and all of their officers, agents, servants and employees, and all those persons or entities acting in active concert or participation therewith, and all persons and entities who receive actual notice of this order, are immediately and permanently enjoined from engaging in any of the following activities by means of any of <dramanice.la>, <runasian.net>, <watchasia.to>, <asianc.sh>, <asianwiki.co>, <dramacool.bg>, <dramacool.com.tr>, <dramacool.com.so>, <dramacool.com.vc>, <dramacool9.co>, <dramacool.tr>, <dramacool.co.ba>, <dramacool.ba>, <dramacool.sr>, <dramacooltv.cz>, and <dramacooli.cz> ("Subject Domains"), or otherwise:

    i.    storing, reproducing, displaying, or distributing any of the Copyrighted Works that are exclusively licensed to wA for distribution in the United States, a sample of which is attached as Exhibit F to Plaintiff's First Amended Complaint (Doc. 42) filed on March 27, 2025;

    ii.    transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process, any of the Copyrighted Works;

    iii.    selling, advertising, marketing, or promoting any of the Copyrighted Works;

    iv.    creating, operating, maintaining, or managing any website in support of the activities described above;

    v.    registering, owning, receiving, or transferring any domain name in support of the activities described above; and

    vi.    creating or providing assistance to others who wish to engage in the activities described above.

**IT IS FURTHER ORDERED** defendants, and all of their officers, agents, servants and employees, and all those persons or entities acting in active concert or participation therewith, and all persons and entities who receive actual notice of this order, are further immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of the Copyrighted Works by means of any of the Subject Domains, or otherwise, including without limitation engaging in any of the following activities:

   i.    advertising or promoting unauthorized access to or the availability of the Copyrighted Works;

   ii.   encouraging or soliciting others to transmit or reproduce the Copyrighted Works;

   iii.  encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of the Copyrighted Works;

   iv.   encouraging or soliciting others to offer transmission of the Copyrighted Works; and

   v.    providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, the Copyrighted Works.

**IT IS FURTHER ORDERED** service of this default judgment and permanent injunction upon defendants via their respective email addresses as identified in plaintiff's motion is deemed sufficient notice to defendants under Fed. R. Civ. P. 65. It shall not be necessary for defendants to sign any form of acknowledgement of service.

**IT IS FURTHER ORDERED** plaintiff is entitled to ownership of each of the Subject Domains, and that defendants, and all those persons or entities acting in active concert or participation therewith, and all persons and entities who receive actual notice of this order, shall transfer their respective Subject Domains to an account under plaintiff's control, which efforts shall be done at plaintiff's reasonable expense.

**IT IS FURTHER ORDERED** any violation of this permanent injunction shall expose defendants, and all other persons bound by this permanent injunction, to all

applicable penalties, including contempt of Court.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of plaintiff and close this case.

Dated this 6th day of April, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**